UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 05-30204 - WRS<br>Chapter 7 |
| CLAUDIA Y. F. FITZPATRICK | |
| Debtor. | |
| | |
| ROBERT LEE SMITH, | |
| Plaintiff, | Adv. Pro. No. 05-3030 - WRS |
| v. | |
| CLAUDIA Y. F. FITZPATRICK | |
| Defendant. | |

**MEMORANDUM DECISION**

This Adversary Proceeding is before the Court upon the Motion for New Trial filed by Plaintiff Robert Lee Smith ("Mr. Smith"), proceeding on a pro se basis. (Doc. 22). This matter came before the Court for trial on January 31, 2006[1]. At trial Defendant Claudia Y. F. Fitzpatrick ("Mrs. Fitzpatrick)[2], was present by counsel Mark A. Cavanaugh. The Court heard evidence from both parties and took the matter under advisement. On February 9, 2006, the Court entered judgment in favor of the Defendant

---

[1] In his complaint, Mr. Smith does not specifically state that he is traveling under § 523(a)(2)(A). However, because the complaint alleges fraud on the part of Mrs. Fitzpatrick, the Court interpreted Mr. Smith's complaint to assert a § 523(a)(2)(A) nondischargeability claim. The Court also found that the evidence did not support a finding of nondischargeability pursuant to § 523(a)(6).

[2] In March of 2002, Mr. and Mrs. Fitzpatrick leased a residence from Mr. Smith located at 964 Excelsior Drive, Montgomery, Alabama 36117.

Claudia Y.F. Fitzpatrick, finding that Mr. Smith failed to prove several elements of his nondischargeability case pursuant to 11 U.S.C. § 523(a)(2)(A). (Docs. 18, 19).

On February 15, 2006, Mr. Smith filed a Motion for New Trial asserting the following: (1) he made a request for a jury trial and such was not granted; and (2) the Court made errors in its recitation of the facts. The Court will first address Mr. Smith's contention regarding factual errors in the Court's Memorandum Decision. (Doc. 18).

### A. *Recitation of Facts*

After considering the evidence presented in this case, the Court found that the basis of Mr. Smith's § 523(a)(2)(A) claim was that Mrs. Fitzpatrick stood silent in a state court hearing while her husband represented to the court that certain receipts represented advance payments on the rent. This assertion was the crux of Mr. Smith's case. The Court found that Mr. Smith failed to prove: 1) that Mrs. Fitzpatrick had a duty to correct any statements made by her husband in state court; 2) that Mrs. Fitzpatrick held the requisite fraudulent intent contemplated under § 523(a)(2)(A); and 3) that Mr. Smith actually or justifiably relied upon any misrepresentations or omissions made. As none of these elements were met, the Court found that Mr. Smith could not establish a nondischargeability case under § 523(a)(2)(A).

Mr. Smith now asserts that the Court erred in its recitation of the facts, stating "[c]ontrary to this Court's note, Mrs. Fitzpatrick stood silent before the District Court of Montgomery County, Alabama." (Doc. 22, ¶ 2). Mr. Smith also reiterates that "[s]everal hearing [sic] was [sic] held in the District Court of Montgomery County, Alabama involving not only the issue of rent receipt [sic] but also the failure of Mr. and Mrs.

Fitzpatrick to allow the rental property to be inspected, and non-payment of the rent." The record reflects that hearings were held in both the District Court of Montgomery County, and the Circuit Court of Montgomery County, Alabama. Moreover, as stated in the Court's Memorandum Decision dated February 9, 2006, "[t]he specific procedural history of the underlying state court proceedings are not germane to the instant § 523(a)(2)(A) determination." To the extent any factual errors were made with respect to the procedural posture of the underlying state court hearings, they are immaterial and have no bearing on the Court's determination that Mr. Smith failed to establish a nondischargeability case under § 523(a)(2)(A).

### B. Jury Request

Mr. Smith also contends that he is entitled to a new trial because he requested a trial by jury and such was not granted. It is acknowledged that the Court erred in overlooking Mr. Smith's jury request. Had such request been brought to the attention of the Court prior to the commencement of trial, the matter would have been promptly addressed. However, neither party raised the issue immediately before or during the trial[3]. Instead, Mr. Smith chose to wait until judgment had been entered against him. Mr. Smith is not entitled to have a jury hear his nondischargeability case. It is settled law that the right to a jury trial is deemed waived where a creditor has submitted himself to the equitable jurisdiction of the bankruptcy court by initiating an adversary proceeding asserting nondischargeability of its state court claim. In re: Atlantic International

---

[3] The Court notes that Mrs. Fitzpatrick's original answer and amended answer (Docs. 6, 7) were silent as to the issue of Mr. Smith's jury request. Neither party filed a statement of consent pursuant to Fed. R. Bank. P. 9015(b). See also 28 U.S.C. § 157(e).

Mortgage Co., 334 B.R. 719, 721 (Bankr. M.D. Fla. 2005)("it is clear that once a party has filed a proof of claim against a bankruptcy estate that party is subject to the equitable jurisdiction of the bankruptcy court and, thus, is not entitled to a trial by jury")(citing Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989); Langenkamp v. Culp, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990)); In re: Jim Walter Resources, 172 B.R. 380, 382 (Bankr. M.D. Fla. 1994)(there is no right to trial by jury in a core matter even if the suit in question is commenced by the estate against a third party who filed a proof of claim against the debtor); In re: Lapeyre, 1999 WL 486888, at *5 (E.D. La. July 8, 1999)(holding that because creditor filed an informal claim by initiating an adversary proceeding asserting nondischargeability creditor waived his right to a jury); In re: Lang, 166 B.R. 964 (D. Utah 1994)(creditor's initiation of adversary proceeding amounted to a claim against the bankruptcy estate).

Consistent with the case law in this area, the Court finds that by filing an adversary proceeding asserting a claim of nondischargeability, Mr. Smith submitted himself to the equitable jurisdiction of the Bankruptcy Court and waived his right to a jury trial. Finally, because the Court concludes that no factual errors were made having any bearing on the Court's § 523(a)(2)(A) determination and that any right to a jury trial was waived, Mr. Smith's Motion for New Trial is hereby DENIED. (Doc. 22).

Done this 21st day of February.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Robert Lee Smith, Plaintiff
   Mark A. Cavanaugh, Attorney for Defendant